L. A. CRAWFORD V. STATE.

No. 24085. October 27, 1948.

Hon. A. S. Mauzey, Judge Presiding.

*Nelson & McCleskey,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Theft is the offense; the punishment, five years in the penitentiary.

The State introduced in evidence appellant's written confession.

The confession, upon its face, as well as by testimony offered as a predicate for its introduction, shows that it was freely and voluntarily made, after proper warning, to Raymond Waters, a Texas Ranger, who gave the warning. The requisite prescribed by Art. 727, C. C. P. appears to have been fully complied with.

It is contended that the uncontradicted testimony shows the confession was made to the officer as a result of promises made by such officer to appellant.

To sustain his contention appellant relies upon the testimony of the witness Waters, as follows:

"He asked me if he would make a statement on this car and some others and clear up everything that he had done, if I would help him get out of it or lighten his time. I told him I couldn't promise anything except that I would help him if he wanted to come clean and clear it all up. . . . . . . . . . .

". . . . . . . . Lil asked me if I could help him. I told him I couldn't promise anything but I would help him if he would come clean. After that he made the statement. Before that he had not made any statement to me. . . . . . . You ask whether I know there wasn't anybody there at all that was interested in Crawford. I was interested in him and I agreed to help him. If he carried out his statement and everything, I agreed to help him. . . . . . . . . You ask whether when I promised to help him, he was freer to talk. Well, he agreed to. Yes, I sure did agree to help him. . . . . . . Yes, that promise was made him that I would help him. . . . . . I said. . . . . 'If you want to clean up all your cases and everything, you will get some help before it is over someway.' And I did; I promised him that, before he made the statement. It was quite a while before he ever made the statement. I did tell him that it would be a help to him, if he wanted to clean up the cases."

In addition to the above, we note that the witness further testified:

"I said, 'Lil, I wouldn't promise you anything in the world, because I don't have anything to do with what the Court is going to do with you.' Wait just a minute. . . . . . . . . . . . I didn't tell him to make a statement.

"I did not make any promise to help him if he would make the statement. I never promised anything at all to the accused, Lil Crawford, if he would make a statement. I never promised him that he would have five years or ten years or get off for any

amount of time. I never promised that I would even help him if he would make a statement. I told him if he wanted to come clean with his cases that he would get some help before it was over but I told him that he didn't have to make a statement. I didn't promise him that I would do anything for him if he would make a statement. He did not make those statements on the face of any promise that I made."

When the testimony of this witness is considered as a whole, as the trial court was authorized to do, we cannot, in passing upon the admissibility of the confession, say that the undisputed testimony of the witness shows that the confession was made as the result of promises made by the witness whereby appellant would receive a benefit by reason of the making of the confession. In the exercise of his judicial discretion the trial judge was authorized to accept the testimony of the witness in his unequivocal denial of any promise on his part. Moreover, we note that in the charge the jury were specifically instructed that if they entertained doubt that the confession "was induced by promise of aid, help, hope or reward" it could not be considered by the jury.

In the light of the record as a whole, we are unable to reach the conclusion that the confession was made as the result of promises by officers—especially in view of the fact that appellant did not testify and there is no testimony on his part denying that the confession was freely and voluntarily made.

Appellant also contends that the confession was made only after the appellant had been questioned for several hours by the officers.

Proof merely that the confession was made after questioning by the officers has not been held to render the confession inadmissible. Lisenba v. California, 314 U. S. 219, 241, 86 L. Ed. 166, 182, 62 S. Ct. 280.

Appellant presents in his brief only the two questions discussed.

Believing the inadmissibility of the confession is not shown, the judgment of the trial court is affirmed.

Opinion approved by the Court.